ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

TIMOTHY VISSER
Trial Attorney
U.S. Department of Justice
Civil Rights Division, Criminal Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 353-8175
Email: timothy.visser@usdoj.gov

THOMAS J. BRADY #4472
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: tom.brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
DEC 16 2019
at 2 o'clock and 35 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 19-00040 LEK |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM OF PLEA |
| | ) AGREEMENT |
| JOHN RABAGO, | ) DATE: December 16, 2019 |
| | ) TIME: 2:00 p.m. |
| Defendant. | ) JUDGE: Hon. Leslie E. Kobayashi |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorneys, the United States Attorney for the District of Hawaii, and the Assistant Attorney General of the Civil Rights Division of the United States Department of Justice, and the defendant, JOHN RABAGO, and his attorney, Megan Kau, Esq., have agreed upon the following:

## THE CHARGES

1.  The defendant acknowledges that he is pleading guilty to the Indictment charging him with Conspiracy Against Rights, in violation of Title 18, United States Code, Section 241 (Count 1); and Deprivation of Rights Under Color of Law, in violation of Title 18, United States Code, Section 242 (Count 2).

2.  The defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3.  The defendant fully understands the nature and elements of the crimes with which he has been charged.

## THE AGREEMENT

4.  The defendant agrees to enter a voluntary plea of guilty to the Indictment, which charges him with the above-stated offenses. In return, the government agrees to (a) not move for an upward variance to his guideline sentence as long as the defense does not move for a downward variance to

defendant's guideline sentence; and (b) to jointly recommend to the Court that the defendant be sentenced within the sentencing guideline range determined by the Court, though the government cannot guarantee that outcome. The defendant agrees that he will not be entitled to withdraw his guilty plea even if the Court disagrees with the government's recommendation that the defendant be sentenced within the sentencing guideline range determined by the Court.

5. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The defendant enters this plea because he is in fact guilty of Conspiracy Against Rights and Deprivation of Rights Under Color of Law as charged in the Indictment, and he agrees that this plea is voluntary and not the result of force or threats.

**PENALTIES**

7. The defendant understands that the penalties for the offenses to which he is pleading guilty include:

    a. For Count One, a term of imprisonment of up to ten (10) years in prison and a fine of up to $250,000, plus a term of supervised release up to three (3) years;

b. For Count Two, a term of imprisonment of up to one (1) year in prison and a fine of up to $100,000, plus a term of supervised release up to one year.

c. In addition, the Court must impose a $100 special assessment for each count to which the defendant is pleading guilty. The defendant agrees to pay the aggregate $200 (Counts 1 and 2) to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

d. **Restitution.** The Court must also award restitution pursuant to Title 18, United States Code, Section 3663A, to any persons or entities victimized by the defendant's offenses. The defendant understands that the Court will determine the amounts of any restitution to be ordered, as well as any persons and entities entitled to such restitution, with the assistance of the United States Probation Office. The defendant agrees to pay restitution for all losses caused by the defendant's conduct.

## FACTUAL STIPULATIONS

8. The defendant admits the following facts and agrees that they are not a detailed recitation or a complete review of all of the facts known to him, but

merely include a summary of facts sufficient to support the charges to which the defendant is pleading guilty:

      a.      During all relevant times described below, defendant Rabago was employed as a police officer with the Honolulu Police Department (HPD), and co-defendant Reginald Ramones was also employed as an HPD officer.

      b.      During all relevant times described below, defendant Rabago understood that the Constitution and laws of the United States protect individuals from unreasonable searches and seizures by law enforcement officers. Defendant Rabago likewise understood that it was a federal crime to willfully deprive individuals of that right, or to conspire with others to intimidate, injure, or oppress individuals in their free exercise of that right.

      c.      On Sunday, January 28, 2018, defendant Rabago responded to a nuisance complaint at 808 Sheridan Street in Honolulu. There, he found a homeless male, S.I., in a public bathroom. Eventually, co-defendant Ramones also responded to the scene and joined defendant Rabago in addressing the complaint regarding S.I. in the bathroom.

      d.      While co-defendant Ramones stood in the bathroom doorway, propping open the door, defendant Rabago, in an aggressive tone, told S.I. that he could only avoid arrest if he licked the urinal in the bathroom. Defendant Rabago

repeated his threat to S.I. multiple times. At the time, defendant Rabago knew his conduct was unreasonable and unconstitutional.

      e.    At the time, defendant Rabago knew that co-defendant Ramones would recognize that defendant Rabago actually intended to make S.I. lick the urinal.

      f.    After defendant Rabago threatened S.I., defendant Rabago told co-defendant Ramones to close the door. Co-defendant Ramones acknowledged defendant Rabago's request and moved away from the door into the bathroom, allowing the bathroom door to close with co-defendant Ramones, defendant Rabago, and S.I. inside the bathroom. When co-defendant Ramones closed the door, he and defendant Rabago both knew what was going to happen and were agreeing with one another to intimidate S.I. in the free exercise of S.I.'s Constitutional right to be free from an unreasonable seizure.

      g.    Once co-defendant Ramones closed the bathroom door, defendant Rabago again instructed S.I. to lick the urinal. S.I. then reluctantly knelt down before the urinal and licked the urinal. Defendant Rabago then allowed S.I. to gather his possessions and leave the bathroom.

      h.    Defendant Rabago followed S.I. out of the bathroom and laughed as he told other officers that S.I. had just licked the urinal.

      i.      Defendant Rabago understood that the actions that he and co-defendant Ramones took on January 28, 2018, amounted to a conspiracy to deprive S.I. of his constitutional right to be free from an unreasonable seizure. Furthermore, defendant Rabago understood that he was acting under color of law when he committed the acts described above on January 28, 2018, and by doing so deprived S.I. of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure by a law enforcement officer.

9.      Pursuant to Crim. R 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.      Pursuant to Crim. R 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of sentencing the defendant in connection with this matter:

    a.      Factual stipulations:

          The parties stipulate to the facts set forth in paragraph 8 of this

Plea Agreement regarding the defendant's commission of the offense.

      b.      Pursuant to Federal Rules of Criminal Procedure (FRCP) Rule 11(c)(1)(B), the parties agree to recommend a sentence within the guideline range pursuant to the United States Sentencing Guidelines (USSG), which would best serve the interests of justice given the specific facts of this case. Furthermore, the parties agree that the government will not move for an upward variance and the defense will not move for a downward variance in this matter.

      c.      As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

      d.      The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in

8

sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

    e. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

    f. The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

11. The defendant is aware that he has the right to appeal his conviction and the sentence imposed. Except as indicated in subparagraph "b" below, the defendant knowingly and voluntarily waives the right to appeal his conviction, any sentence within the Guidelines range as determined by the Court at the time of

sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

      a.    The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes a waiver of the right to raise on appeal or on collateral review any argument that (1) any statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

      b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

12. In connection with the collection of restitution or other financial obligations that may be imposed upon him, the defendant agrees as follows:

a. The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement. To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office

regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

      b.    The defendant expressly authorizes the United States Attorney's Office to obtain his credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

      c.    Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## IMPOSITION OF SENTENCE

13.     The defendant understands that the District Court in imposing sentence will consider the provisions of the advisory Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

14.     The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

15.     The defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a.     If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted

by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

   c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

   d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

   e. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

  16. The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

  17. If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it.

Under those circumstances, the United States may not use those statements of the defendant for any purpose.

18.  The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

19.  The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.  Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

20.  To become effective, this Agreement must be signed by all signatories listed below.

21.  Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

//

//

//

//

DATED: Honolulu, Hawaii, DEC 1 6 2019 .

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii

_____
MICHAEL NAMMAR
Chief, Criminal Division

_____
THOMAS J. BRADY
Assistant U.S. Attorney

_____
MEGAN KAU
Attorney for Defendant

_____
JOHN RABAGO
Defendant

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

_____
TIMOTHY M. VISSER
Trial Attorney

17